## HAINES MEYERS v. JOHN R. SMITH.

FILED OCTOBER 5, 1899. No. 10,830.

Petition to Open Judgment: ALLEGATIONS: FALSE TESTIMONY. A petition in equity which prayed that a judgment or decree be vacated, and a new trial granted in a prior action, on the ground that the decree was based upon the false or perjured testimony of the successful party, and that since the trial he has made statements out of court at variance with or contradictory to his testimony, which alleges no positive knowledge of such statements, which, if made as pleaded, were but impeaching in their nature, and would not afford direct or positive proof of perjury, is open to attack by general demurrer, and contains no sufficient statement of a cause of action.

ERROR from the district court of Richardson county. Tried below before STULL, J. *Affirmed*.

*Broady & Pettis* and *J. L. Barnes*, for plaintiff in error.

*Edwin Falloon, contra.*

HARRISON, C. J.

Haines Meyers instituted an action in the district court of Richardson county of criminal conversation against John R. Smith; and was given a verdict and judgment in the sum of $3,000; and in an error proceeding to this court the judgment, on a hearing, also rehearing, was affirmed. For report of first opinion see 52 Nebr., 70, and the second in 54 Nebr., 1. Smith then commenced an action in the same district court, in which he sought, and was granted, the result of a trial, a decree by which the judgment in the prior suit was vacated; and a new trial of the issues awarded on the ground that the judgment had been procured through false testimony. The decree is the subject of attack in error proceeding to this court and has been argued and submitted. Meyers, after the decree was rendered by which his judgment was vacated, filed a petition in the district court, in which he alleged that said decree was procured by the false testimony or perjury of the party it favored, and it was prayed that the decree be canceled; and the action in which it had been rendered dismissed. To this petition a general demurrer was filed, which on hearing was sustained, and the cause dismissed. That these things were done constitutes the burden of the complaint of a petition in error filed in this court, and the matter has been submitted for decision. The allegation of the petition was of the information and belief of the plaintiff that the party who had obtained the judgment or decree against which this action was directed had made a statement out of court about the time or soon after the trial which was wholly different to, and contradictory of, his testimony during the trial. The statement was set forth in the pleading, the subject of attack by demurrer, and was clearly impeaching in its nature and made without oath. If shown in evidence, it would not establish anything, direct or positive, as to the question of perjury of the witness. These things being true, the petition was

clearly insufficient in a statement of a cause of action for equitable relief to consist of the vacation of a judgment and the granting of a new trial. See *Meyers v. Smith,* 59 Nebr., 30. The judgment of the district court is

AFFIRMED.